UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  __12/15/2022_____
```

STEVEN MATZURA, *on behalf of himself and all others similarly situated*,

                **Plaintiff,**

                -against-

MACY'S INC.,

                **Defendant.**

**19-cv-9926 (ALC)**

**Order of Dismissal**

**ANDREW L. CARTER, United States District Judge:**

      Plaintiff Steven Matzura, on behalf of himself and all others similarly situated, brings this action against Defendant Macy's Inc. alleging violations of the Americans with Disabilities Act "(ADA"), 42 U.S.C. § 12181 et seq., the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). ECF No 1. His claim was that Defendant's gift cards were not accessible to blind or visually impaired individuals because they do not include information written in braille, and he sought declaratory and injunctive relief. *Id*. On July 15, 2020, the Court stayed the above-captioned matter pending resolution of a consolidated appeal of orders granting motions to dismiss in similar cases. ECF No. 32. On June 2, 2022, the Second Circuit decided those consolidated appeals in *Calcano v. Swarovski N. Am. Ltd.*, holding that "Plaintiffs' conclusory, boilerplate allegations fail to establish standing." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 71 (2d Cir. 2022).

      On October 5, 2022, following the Second Circuit's opinion, the Court issued an Order to Show Cause as to why this action should not be dismissed for lack of Article III standing. ECF No. 33. The Plaintiff was ordered to respond to this Order by October 19, 2022. *Id*. To date, Plaintiff has not responded to the Order. Instead, Plaintiff filed a deficient Notice of Voluntary Dismissal

on November 1, 2022. The Court will now address whether this action should be dismissed for lack of Article III standing.

**Article III Standing**

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, ––– U.S. –––, 141 S. Ct. 2190, 2203, (2021). "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *Id.* A standing issue may be raised at any stage in a litigation, and "the party invoking federal jurisdiction bears the burden of establishing the elements." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203. A plaintiff pursuing injunctive relief may not rely solely on past injury, but also must establish that "she is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016). Such "threatened injury must be *certainly impending* to constitute injury in fact, and ... allegations of *possible* future injury are not sufficient." *Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015) (cleaned up).

In the ADA context, the Second Circuit has "held that a plaintiff seeking injunctive relief has suffered an injury in fact when: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location." *Calcano*, 36 F.4th at

74–75 (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013)). The focus of the third factor—*i.e.*, intent to return based on past visits and proximity—is to ensure that "the risk of harm is sufficiently imminent and substantial" to establish standing. *Id*. (quoting *TransUnion*, 141 S. Ct. at 2210). "Thus, the central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges 'a real and immediate threat of future injury." *Id*. (citations omitted).

**Application**

Like the complaints underlying the consolidated appeal before the Second Circuit in *Calcano*, Plaintiff's allegations here are too conclusory to establish standing. Here, Plaintiff has not adequately pleaded the third factor. Plaintiff simply asserts that he "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards containing Braille." Compl. ¶ 13. This language is nearly identical to the language used in the complaints discussed in *Calcano*, 36 F.4th at 75 ("Plaintiff has been a customer at Defendant's [business] on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind."). Additionally, the Plaintiff does not assert he has been a customer at Defendant's business, nor does Plaintiff provide any details about any past visits or why he wants to purchase braille gift cards so urgently that he intends to "immediately purchase . . . as soon as the Defendant sells store gift cards containing Braille." *Id*. at 76-77. Therefore, Plaintiff cannot possibly show that he has suffered an injury that is "concrete and particularized." *Id.* (quoting *Lujan*, 504 U.S. at 560).

**Conclusion**

For the foregoing reasons, the Court dismisses Plaintiff's ADA claim. Because the Court is dismissing Plaintiff's ADA claim for lack of Article III standing, it declines to exercise supplemental jurisdiction over the state and municipal law claims included in Plaintiff's Complaint. 28 U.S.C. § 1367(c)(3). The Complaint is dismissed without prejudice. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

**Dated:** **December 15, 2022**
**New York, New York**

                                               **ANDREW L. CARTER, JR.**
                                               **United States District Judge**